UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| KINTAD PHILLIPS (#294348) | CIVIL ACTION |
|---|---|
| VERSUS | |
| L.S.P., ET AL. | NO. 18-0146-SDD-EWD |

Consolidated with:

| KINTAD PHILLIPS (#294348) | CIVIL ACTION |
|---|---|
| VERSUS | |
| SECRETARY JAMES LeBLANC, ET AL. | NO. 18-0366-SDD-EWD |

## RULING AND ORDER

Before the Court is a pleading captioned "In re: Requesting Injunction on Department of Corrections, and Louisiana State Penitentiary Staff and Security Supervisors,"[1] which this Court construes as a Motion for Preliminary Injunction ("Motion"). The Court has carefully considered the Motion along with the attached exhibit and, for the following reasons, the motion is denied.

The Plaintiff, Kintad Phillips, ("Plaintiff") an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. Specifically, Plaintiff complains of his job assignment and lack of treatment for unspecified "serious medical needs."[2] Plaintiff alleges that he suffered from dehydration and fluid in his legs but admits he was treated for these issues.[3] Similarly, Plaintiff apparently had impacted bowels but admits the prison also provided treatment for this problem.[4] Plaintiff also states he, at some point, had a "gas bubble under [his] heart." No

---

[1] R. Doc. 6.
[2] R. Doc. 1-1, p. 1.
[3] R. Doc. 1-1, p. 1.
[4] R. Doc. 1-1, p. 2.

other mention is made of this ailment, but Plaintiff complains that, based on his medical issues, his job assignment is improper, which allegedly demonstrates that Defendants are deliberately indifferent to Plaintiff's serious medical needs.[5] Plaintiff also alleges he was given medication "that almost killed" him but does not provide any further details.[6] In his complaint, Plaintiff seeks relief regarding complaints ranging from a request for different tennis shoes to an order directing LSP staff to not retaliate against Plaintiff.[7]

The Plaintiff's Motion fails to address the requirements for a preliminary injunction, which the Court now turns to address. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[8] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[9]

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[10] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[11]

---

[5] R. Doc. 1-1, p. 2.
[6] R. Doc. 1-1, p. 2.
[7] R. Doc. 1-1, pp. 2-3.
[8] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").
[9] *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.
[10] *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[11] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

In the instant Motion, Plaintiff seeks nonspecific relief, but it appears he seeks protection from "the people who were hired to protect [him]."[12] The Motion also appears to complain about general conditions associated with prison life. Considering the generality of Plaintiff's complaints, the Plaintiff has failed to show the facts and law clearly favor his request for a preliminary injunction. The Plaintiff's Motion, which does not specify what relief he seeks, fails to show he has a substantial likelihood of prevailing on the merits or that there is a substantial threat he will suffer irreparable injury if the requested relief is not granted, much less that the law and the facts clearly favor him. Additionally, any harm which may come to the Plaintiff is likely to not be irreparable and can be compensated for monetarily and, if warranted, redressed by way of a post-judgment injunction and/or restraining order.

Though the Court is mindful that the Plaintiff is a *pro se* litigant, his motion remains insufficient to warrant granting the immediate relief he seeks at this stage. Importantly, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction."[13] The Plaintiff has failed to make the proper showing that his case falls within this exceedingly narrow exception. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion[14] is **DENIED**.

Signed in Baton Rouge, Louisiana the 5 day of February, 2019.

*[signature]*

CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[12] R. Doc. 6, p. 1.
[13] *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).
[14] R. Doc. 6.